Jones, J.,
concurring. Both of these cases arose from the same accident, and, though separately tried, involved the same question. The mining company had fully complied with the Workmen’s Compensation Act. In each case plaintiff attempted to escape from the provisions of this act by reliance upon the provision which gave him the right to sue for failure to comply with a “lawful requirement.”
It is contended that this “lawful requirement” is comprised in Section 962, General Code, which provides that “no person shall keep blasting powder or explosives dangerously near the electric wire or power cable in any part of the mine where electric wires are in use,” etc.
Common pleas judgments in favor of respective plaintiffs in error were reversed by the court of appeals of Jefferson county, which announced in its entry that “said court of common pleas erred in ruling, holding and charging that the statutory provision contained in Section 962, of the General Code, that ‘no person shall keep blasting powder or explosives dangerously near the electric wire or power cable in any part of the mine where electric wires are in use,’ is a lawful requirement within the meaning of the term ‘lawful requirement’ as used in Section 35, Article II of the Constitution of Ohio, and Section 1465-76 of the General Code of Ohio.” The court of appeals rendered judgment in favor of the mining company in each case.
In the disposition of these cases nothing need be added to what was stated in the case of Patten v. Aluminum Castings Co., 105 Ohio St., 1, other than that the statute under consideration, Section 962, General Code, does not constitute a lawful requirement, but is as indefinite in form as was that in the *137 Patten case, supra. While fit has been some time since the present cases were argued, they have in fact awaited the decision in the Patten case, supra. Both of the instant eases should therefore be affirmed on the authority of American Woodenware Mfg. Co. v. Schorling, 96 Ohio St., 305, and Patten v. Aluminum Castings Co., supra.
Since the defendant had fully complied with the Workmen’s Compensation Act, plaintiffs were entitled to ignore it and sue for damages only if the injury resulted from the commission of a wilful act, or from failure to comply with some “lawful requirement.” Both petitions were predicated upon the second feature.
In addition to what was said in the majority opinion in the Patten case, it may be added here that if this statute were otherwise construed it would deny the mining industries of this state the protection of the Workmen’s Compensation Law and be disastrous alike to employers and employes in that great industry.